**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1384**

———————

TYRONE LORENZO ROBINSON,

Plaintiff - Appellant,

and

TONYA LEDELL ROBINSON,

Plaintiff,

versus

SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY;
THE SOUTH CAROLINA HIGHWAY PATROL; JOSEPH
FRANKLIN CLIPSE, Public Safety Trooper First
Class,

Defendants - Appellees.

———————

**No. 06-1741**

———————

TYRONE LORENZO ROBINSON,

Plaintiff - Appellant,

and

TONYA LEDELL ROBINSON,

Plaintiff,

versus

SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY;
THE SOUTH CAROLINA HIGHWAY PATROL; JOSEPH
FRANKLIN CLIPSE, Public Safety Trooper First
Class,

                                        Defendants - Appellees.

────────────

Appeals from the United States District Court for the District of
South Carolina, at Charleston.  Sol Blatt, Jr., Senior District
Judge.  (2:05-cv-03198-SB)

────────────

Submitted:  February 9, 2007            Decided:  March 28, 2007

────────────

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

────────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

────────────

Tyrone Lorenzo Robinson, Appellant Pro Se.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Lorenzo Robinson appeals the district court's orders dismissing, <u>sua sponte</u>, his complaint filed under 42 U.S.C. § 1983 (2000), and denying his motions for reconsideration. Robinson asserts on appeal that he should have been allowed to sue Officer Clipse in his individual capacity and that the district court erred by dismissing his action. Robinson also contends that the court improperly resolved a factual dispute in finding that Clipse was entitled to qualified immunity.

We have reviewed the record and conclude that the district court made an improper credibility finding in determining that Clipse was entitled to qualified immunity. In support of his claim that Clipse used excessive force in violation of Robinson's Fourth Amendment rights, Robinson submitted affidavits from two witnesses and also submitted a copy of the transcript of his state court trial at which Clipse testified about the events surrounding Robinson's arrest. The district court concluded that the affidavits did not refute Clipse's state court trial testimony. However, in his complaint sworn under penalty of perjury, Robinson contradicted the version of events to which Clipse testified in the state court trial. <u>See</u> <u>Vathekan v. Prince George's County</u>, 154 F.3d 173, 179-80 (4th Cir. 1998) (reversing summary judgment where disputed facts existed as to events surrounding use of force); <u>Rainey v. Conerly</u>, 973 F.2d 321, 324 (4th Cir. 1992) (finding that

- 3 -

district court properly denied defendant's immunity-based summary judgment motion because "a determination of what actually happened is absolutely necessary to decide whether [defendant] could reasonably have believed that his actions were lawful").

Accordingly, we vacate the portions of the district court's orders in which the court found that Clipse was entitled to qualified immunity and remand for further proceedings in the district court. We affirm the remainder of the district court's orders, grant Robinson's motions to add Clipse as a party[*] and to amend and supplement his informal brief, and deny his motion to appoint counsel. We also deny Robinson's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

---

[*]We note that, in footnote one of its order denying the motion for reconsideration, the district court explicitly denied Robinson's motion to amend his complaint to add a claim against Clipse in his individual capacity. However, the district court effectively made Clipse a party by concluding that he was entitled to qualified immunity--a defense that is available only to a person sued in his individual capacity. <u>See</u> <u>Ridpath v. Bd. of Governors</u>, 447 F.3d 292, 306 (4th Cir. 2006).