PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TYRONE LORENZO ROBINSON,

*Plaintiff-Appellant,*

and

TONYA LEDELL ROBINSON,

*Plaintiff,*

v.

JOSEPH FRANKLIN CLIPSE, Public
Safety Trooper First Class,

No. 08-6670

*Defendant-Appellee,*

and

SOUTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY; SOUTH CAROLINA
HIGHWAY PATROL,

*Defendants.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Sol Blatt, Jr., Senior District Judge.
(2:05-cv-03198-SB)

Argued: March 23, 2010

Decided: April 28, 2010

Before GREGORY and AGEE, Circuit Judges, and
Eugene E. SILER, Jr., Senior Circuit Judge of the
United States Court of Appeals for the Sixth Circuit,
sitting by designation.

Reversed and remanded by published opinion. Judge Gregory wrote the opinion, in which Judge Agee and Senior Judge Siler joined.

---

## COUNSEL

**ARGUED**: Christopher Vieira, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Marshall Hodges Waldron, Jr., GRIFFITH & SADLER, PA, Beaufort, South Carolina, for Appellee. **ON BRIEF:** Sean E. Andrussier, James E. Coleman, Jr., David Chiang, Daniel Mandell, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant.

---

## OPINION

GREGORY, Circuit Judge:

Tyrone Robinson ("Robinson") appeals the district court's grant of summary judgment to South Carolina Highway Patrolman Joseph Clipse ("Clipse"). Robinson argues that the court erred in finding that his § 1983 claim against Officer Clipse in his individual capacity did not "relate back" to the date of the original complaint under Federal Rule of Civil Procedure 15(c) ("Rule 15(c)"). We agree and reverse the order of the district court.

I.

On November 14, 2002, Patrolman Clipse received a report of a stolen vehicle. After locating the reported vehicle, Clipse engaged in a high speed chase with the car, which was driven by Robinson. The chase ended when Robinson collided with oncoming traffic. Clipse arrived at the scene and, according to Robinson, pulled his car next to Robinson's, blocked the

driver's side door, exited the car with his gun drawn, and began shooting into Robinson's vehicle without reason, striking Robinson. J.A. 150-51.[1] As Robinson drove away in an attempt to flee, Clipse fired several more rounds towards Robinson's back. J.A. 12-13, 151. Clipse disputes Robinson's account and maintains that he was shooting at Robinson because Robinson was driving towards him and he feared for his safety. J.A. 129-30, 136. Shortly after these events, Robinson was arrested. In May 2003, Robinson was tried in South Carolina state court and acquitted on the charge of resisting arrest. He was convicted for failing to stop for Clipse's blue light and for possession of a stolen vehicle.

On November 3, 2005, Robinson, proceeding *in forma pauperis*, filed this *pro se* § 1983 action in the District of South Carolina, seeking compensatory and punitive damages and alleging that Clipse's actions constituted excessive force in violation of Robinson's Fourth Amendment rights. Although the complaint identified Clipse as the only wrongdoer, the only defendant named in the case was the South Carolina Department of Public Safety and Highway Patrol ("the Department"). On December 1, 2005, the magistrate judge issued an order prohibiting the district court clerk from issuing and authorizing service of process "unless [so] . . . instructed by a United States District Judge or a Senior United States District Judge." J.A. 23. On the same day, the magistrate judge issued a report recommending the dismissal of Robinson's complaint after determining that the Department was entitled to sovereign immunity. Robinson then moved to add Clipse as a defendant on December 13, 2005.

The district court, on February 3, 2006, adopted the magistrate judge's recommendation, observing that although the Department "cannot be held liable under the theory of respondeat superior, Trooper Clipse may be subject to suit."

---

[1]Citations to J.A. __ refer to the Joint Appendix filed by the parties upon appeal.

J.A. 31, 34. However, the court held that Clipse was entitled to qualified immunity in his individual capacity and denied Robinson's motion to add a claim against Clipse in his individual capacity. J.A. 33-37. The court then dismissed the action against Clipse without service of process.

This Court "vacate[d] the portions of the district court's orders in which the court found that Clipse was entitled to qualified immunity and remand[ed] for further proceedings in the district court" because the district court "improperly resolved a factual dispute in finding that Clipse was entitled to qualified immunity." *Robinson v. S.C. Dept. of Pub. Safety*, 222 Fed. App'x 330, 331-32 (4th Cir. 2007). Additionally, we granted Robinson's motion to add Clipse as a party, finding that "the district court effectively made Clipse a party by concluding that he was entitled to qualified immunity—a defense that is available only to a person sued in his individual capacity." *Id.* at 332 n.*.

On remand, Robinson filed amended complaints on May 3 and 17, 2007, naming Clipse as a defendant in his individual capacity and raising essentially the same claims as in the original complaint. On July 3, 2007, the district court authorized the issuance of a summons and service of process by the U.S. Marshals Service, and Clipse was served with the amended complaint on August 3, 2007. In his August 16, 2007 answer, Clipse alleged, among other defenses, that the statute of limitations barred Robinson's claims. He later filed a motion for summary judgment, which the district court granted.

In its order, the court found that although Robinson filed his original complaint within the three-year statute of limitations, his amendment adding Clipse did not relate back to the date of the original complaint under Rule 15 because "Clipse did not receive notice of the action *within the limitation period*, as required by Rule 15(c)(1)(C)(i)," "Clipse had no notice of [Robinson's] suit until May of 2007," and Clipse "had no reason to know that the action would have been

brought against him but for [Robinson's] mistake." J.A. 377-80. Robinson filed a timely appeal.

## II.

"We review the district court's order granting summary judgment de novo, viewing the facts in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Garofolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 198 (4th Cir. 2005). If there is a genuine issue of material fact or if Clipse is not entitled to judgment as a matter of law on this record, then summary judgment is inappropriate. *Id.* at 198-99; Fed. R. Civ. P. 56(c).

## III.

It is undisputed that Robinson filed the original complaint within the applicable three-year statute of limitations; his claim accrued on November 14, 2002, when Clipse shot Robinson, and the original complaint was filed November 3, 2005. Nor is there any dispute that Robinson filed his amended complaint against Clipse after the statute of limitations elapsed. Therefore, we must decide whether Robinson's amendment adding Clipse as a defendant relates back to the date of the original complaint. The relation back of an amendment is governed by Rule 15(c) and presents a question of law which this Court reviews de novo. *See Locklear v. Bergman & Beving AB*, 457 F.3d 363, 365 (4th Cir. 2006).

For an amended claim to relate back to the date of the original complaint under Rule 15(c), "the amendment [must] assert[ ] a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). That requirement is unquestionably satisfied. Furthermore, where, as here, "the amendment changes the party or the naming of the party against whom a claim is asserted," Rule 15(c) has additional requirements:

[W]ithin the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

The district court found that Clipse did not receive notice until May 2007, and that this date was outside of "*the limitation period*," thus prohibiting relation back. J.A. 378-79. The "limitation period" for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action is the Federal Rule of Civil Procedure 4(m) service period ("Rule 4(m)"). Rule 4(m) requires service of the summons and complaint within 120 days of the complaint's filing, unless good cause is shown for extending the service. Fed. R. Civ. P. 4(m); *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992) (recognizing that under Rule 15(c), "relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown").

Robinson argues that the 120-day service period should have been tolled until the district court screened his *in forma pauperis* complaint and authorized service of process. We agree. *In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Therefore, an *in forma pauperis* plaintiff should not be penalized for a delay caused by the court's

consideration of his complaint. That delay "is solely within the control of the district court." *Paulk v. Dep't of Air Force, Chanute Air Force Base*, 830 F.2d 79, 83 (7th Cir. 1987); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 453 (3d Cir. 1996) ("An *in forma pauperis* plaintiff has no control over the amount of time the district court takes to make the § 1915(d) ruling."). Indeed, here, there was an order in place *prohibiting* service of process. Thus, the period of time before the district court authorized service by the Marshals Service does not count against Robinson for purposes of determining the limitation period.

The same result is reached under Rule 4(m)'s good cause standard. Rule 4(m) requires the district court to "extend the time for service to an appropriate period" if there is "good cause" for not serving the defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 15(c)'s notice period incorporates any extension of the 120-day period under Rule 4(m). *See* Fed. R. Civ. P. 15, Advisory Comm. Notes (1991 Amendment) ("[T]his rule allows not only the 120 days specified in [Rule 4(m)], but also any additional time resulting from any extension ordered by the court pursuant to that rule."). Because the delay caused by the court's failure to authorize the issuance and service of process is beyond the control of an *in forma pauperis* plaintiff, such failure constitutes good cause requiring the 120-day period to be extended. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) ("The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m).").

Here, the district court's delay began on December 1, 2005, with the order directing the clerk not to authorize the issuance and service of process. The court's dismissal of the suit then required Robinson to appeal to this Court, which held that Clipse should be added as a defendant. As a result, the first time that the issuance and service of process was authorized

was when the district court entered the July 3, 2007 order. Therefore, the "limitation period" provided by Rule 4(m) ended on October 31, 2007, the 120th day after the court's authorization of service of process. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 558 n.5 (7th Cir. 1996) ("The 120-day period is tolled, in cases in which the plaintiff relies on the United States Marshals to effectuate service, until the date on which in forma pauperis status is granted."); *Urrutia*, 91 F.3d at 459 ("[O]nce a plaintiff submits an *in forma pauperis* complaint within the limitations period, and where an amendment will be necessary to cure a defect, the 120 day period of Rule 15(c)(3) is suspended until the district judge authorizes issuance of the summons and service of the amended complaint.").

We must now address whether, before October 31, 2007, Clipse (1) received notice of the action such that it would not have prejudiced him "in defending on the merits" and (2) "knew or should have known that [Robinson's] action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

It is apparent that Clipse received notice within the appropriate time period. The district court found that Clipse received notice by May 2007. J.A. 378-79. In addition, "actual service of the complaint clearly satisfies the notice requirement," *Urrutia*, 91 F.3d at 461, and Clipse was served on August 3, 2007, filing his answer on August 16, 2007.

The question then becomes whether the amendment would have prejudiced Clipse. It would not. Clipse did not argue prejudice below or in briefs before this Court. Nor did the district court find that Clipse would be prejudiced.[2] Moreover, at

---

[2]The court instead found that "the Court cannot say that the amendment at issue caused no prejudice to the added Defendant." J.A. 379. This statement, not a finding of prejudice, was based on the court's conclusion that Robinson did not receive notice within the "limitation period," which is incorrect.

the time Clipse received notice, "the proceedings [had] not advanced to the point that [he could] show any prejudice with regard to [his] presentation or preparation of [his] defense." *Bryant Elec. Co. v. Joe Rainero Tile Co.*, 84 F.R.D. 120, 124 (W.D. Va. 1979). Because the district court initially dismissed this suit, the only proceeding that occurred before Clipse answered the complaint was Robinson's subsequent appeal. As a result, within the Rule 4(m) limitation period, Clipse received notice of the action such that it would not have prejudiced his defense on the merits. Had Clipse been named as a defendant in the original complaint, he would have been in the same position he is now. He would have been granted qualified immunity, the case would have been reversed and remanded, he would have been served with process, and he then would have answered the complaint for the first time.

Finally, we must consider whether Clipse knew or should have known, within the Rule 4(m) limitation period, that Robinson's action would have been brought against him, "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). In *Goodman v. Praxair, Inc.*, this Court rejected formalism in evaluating "mistake" under Rule 15(c). 494 F.3d 458, 470-71 (4th Cir. 2007). Rather than focusing on the reason behind a plaintiff's mistake, we found that "[t]he 'mistake' language is textually limited to describing *the notice* that the new party had, requiring that the new party have expected or should have expected, within the limitations period, that it was meant to be named a party in the first place." *Id.* at 471 (emphasis added).

Here, Clipse knew within the limitation period that he was the party Robinson intended to sue. As stated previously, Clipse was served and answered the amended complaint within the Rule 4(m) period. The amended complaint named Clipse as a defendant in his individual capacity. Thus, Clipse "has been given fair notice of [the original] claim within the limitation[ ] period." *Id.*

Because Rule 15(c)'s requirements have been satisfied, Robinson's amendment naming Clipse as a defendant relates back to the date of the original complaint. We therefore find that the district court erred in granting summary judgment to Clipse based on the running of the statute of limitations.

## IV.

Based on the foregoing analysis, we reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*