UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7

JIMMIE WAYNE LAWRENCE

Plaintiff - Appellant,

v.

ROY COOPER, Attorney General, North Carolina Department of
Justice; GAIL E. DAWSON, Special Deputy Attorney General,
North Carolina Department of Justice; SANDRA WALLACE SMITH,
Assistant Deputy Attorney General, North Carolina Department
of Justice; HONORABLE FRANKLIN F. LANIER, Senior Resident
Superior Court Judge Acting in Harnett County, North
Carolina Superior Court Judiciary; HONORABLE WILEY F. BOWEN
(Retired), Retired Senior Resident Superior Court Judge for
Harnett County, In their Official and Individual Capacities,

Defendant – Appellees,

and

OTHER UNKNOWN ASSISTANT ATTORNEYS GENERAL, North Carolina
Department of Justice; OTHER UNKNOWN SUPERIOR COURT JUDGES
ACTING IN 11TH JUDICIAL DISTRICT, North Carolina Superior
Court Judiciary,

Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina at Raleigh.   Terrence W. Boyle,
District Judge. (5:09-ct-03055-BO)

Argued: September 23, 2010          Decided: October 20, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

-------------------

Affirmed by unpublished per curiam opinion.

-------------------

**ARGUED:** Heather Lynn Rattelade, HEATHER L. RATTELADE, ATTORNEY AT LAW, Pinehurst, North Carolina, for Appellant. Joseph Finarelli, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Amanda S. Zimmer, Bruce T. Cunningham, Jr., THE LAW OFFICE OF BRUCE T. CUNNINGHAM, JR., Southern Pines, North Carolina, for Appellant. David J. Adinolfi, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

-------------------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff-Appellant Jimmie Wayne Lawrence filed an in forma pauperis complaint, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, seeking injunctive and declaratory relief for alleged deprivations of his due process rights allegedly occurring in the course of his state post-conviction proceedings. The district court determined, sua sponte, that Lawrence's claims were time-barred and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2).

Lawrence subsequently filed a motion to alter or amend the judgment, in which he disputed the statute of limitations applied by the district court. On November 24, 2009, the district court denied the motion to amend, reiterating its ruling that the claims were time-barred, and adding that Count IV of Lawrence's complaint failed to state a claim upon which relief could be granted. On appeal, Lawrence contends the district court erred (1) in dismissing his complaint sua sponte on limitations and (2) in dismissing Count IV of his complaint for failure to state a claim upon which relief may be granted. We reject Lawrence's contentions and affirm the judgment of the district court.

I

In 1997, Lawrence was convicted of first degree murder and sentenced to death in a trial presided over by Defendant-

3

Appellee Wiley F. Bowen in the Superior Court of Harnett County, North Carolina. Lawrence exhausted his direct appeal of the conviction and sentence on January 8, 2001. See Lawrence v. North Carolina, 531 U.S. 1083 (2001) (denying petition for writ of certiorari).

Lawrence initiated state post-conviction proceedings by filing a Motion for Appropriate Relief ("MAR") on August 1, 2001. See N.C. Gen. Stat. § 15A-1420(c)(7). In February 2002, the MAR court, also presided over by Judge Bowen, denied relief on all claims after denying Lawrence's motion to reassign the MAR to a different judge. Lawrence then appealed the MAR court's rulings. The Supreme Court of North Carolina denied discretionary review on November 21, 2002, see State v. Lawrence, 356 N.C. 441 (2002), and the Supreme Court of the United States denied certiorari, see Lawrence v. North Carolina, 538 U.S. 987 (2003).

On May 2, 2003, Lawrence timely filed a petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus in the Eastern District of North Carolina. The district court granted the writ, finding ineffective assistance of counsel because Lawrence's attorney failed, in the direct appeal, to challenge the use of burglary as an aggravating factor for his death sentence. Lawrence v. Polk, No. 5:03-HC-0327-BO, at 12-13 (E.D.N.C. filed Mar. 19, 2007). However, the district court rejected as non-

4

cognizable under 28 U.S.C. § 2254 Lawrence's two due process claims related to the handling of his MAR. Specifically, the district court rejected Lawrence's challenge to Judge Bowen's involvement in the MAR proceedings and his entry of the order denying the MAR without specifying grounds for the denial. Id. This court reversed, in part, the judgment of the district court on February 22, 2008, finding that the writ was improperly granted because the state court had reasonably applied Strickland v. Washington, 466 U.S. 668 (1984), in rejecting the ineffective assistance of counsel claim. Lawrence v. Branker, 517 F.3d 700, cert. denied, 129 S. Ct. 162 (2008).

On March 24, 2009, Lawrence filed the complaint underlying this appeal, alleging that (1) the defendants violated his procedural due process rights under the Fourteenth Amendment of the United States Constitution; (2) the MAR judge denied his state-conferred right to have a thorough and complete review of his conviction and death sentence in violation of the due process clause of the Fourteenth Amendment; (3) the North Carolina Attorney General denied his state-conferred right to have a thorough and complete review of his conviction and death sentence in violation of the due process clause of the Fourteenth Amendment; and (4) the North Carolina Attorney General deliberately deprived him of meaningful access to the courts in violation of the due process clause of the Fourteenth

5

Amendment. The district court, acting sua sponte, entered an order dismissing the action as time-barred. Lawrence timely appealed.

## II

The district court concluded that all of Lawrence's purported claims accrued in 2002, when the Superior Court issued the order denying his MAR.[1] J.A. 143-45, 172-83. Applying the North Carolina statute of limitations for personal injury actions to Lawrence's § 1983 claims, the district court found that Lawrence's actions were time-barred as outside the applicable three-year period and dismissed the action as frivolous under 28 U.S.C. § 1915.[2] See Eriline v. Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (noting that a

---

[1] Lawrence appealed the MAR court's ruling, a process that ended when the United States Supreme Court denied certiorari in 2003. Lawrence v. North Carolina, 538 U.S. 987 (2003). The district court found that, even using this later date, Lawrence's action falls outside the three-year statute of limitations. J.A. 145.

[2] Lawrence's contention on appeal that the district court abused its discretion in dismissing his claims under the Declaratory Judgment Act, 28 U.S.C. § 2201-02, also fails. The statute of limitations bars Lawrence's claims for both declaratory and injunctive relief, and the district court did not abuse its discretion in failing to address Lawrence's claims for declaratory relief after finding his action time-barred by the applicable statute of limitations. See City Nat'l Bank v. Edmisten, 681 F.2d 942, 945 n. 6 (4th Cir. 1982) (stating that the Declaratory Judgment Act is "not itself a basis for federal subject matter jurisdiction") (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950)).

6

court may raise the issue of whether an action is time-barred sua sponte in cases filed under § 1915); Nasim v. Warden, Md. House of Correc., 64 F.3d 951, 956 (4th Cir. 1995) (en banc).

Further, the district court rejected Lawrence's contention that the statute of limitations for his § 1983 action was tolled while his federal habeas petition was pending. Noting that the two claims involved different causes of action and different parties, the district court found that the habeas petition had no bearing on Lawrence's § 1983 claims. J.A. 175-76. See also Bd. of Regents v. Tomanio, 446 U.S. 478, 486 (1980) (recognizing that the statute of limitations is not tolled while "a litigant pursues a related, but independent cause of action").

With regard to Count IV of Lawrence's complaint, the district court discerned no allegation to support Lawrence's claim that he was denied access to the courts. Instead, the court noted that Lawrence had filed a habeas petition that had been adjudicated by a federal court in a process that was "involved" and in which he "had counsel at every step." J.A. 180. Thus, the district court found that Lawrence had failed to state a claim for denial of access to the courts.

III

We review a district court's dismissal of a claim on statute of limitations grounds de novo. Robinson v. Clipse, 602

7

F.3d 605, 608 (4th Cir. 2010); Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003). Similarly, we review a district court's dismissal for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), de novo. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

Having had the benefit of the parties' briefs and their oral arguments, and having thoroughly reviewed the record, we affirm on the basis of the district court's well-reasoned orders in this case.

AFFIRMED