**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1480**

_____

LEDO PIZZA SYSTEM, INCORPORATED; LEDO PIZZA CARRYOUTS,
LTD.; ROBERT M. BEALL; MARGARET K. BEALL; ROBERT G. BEALL;
TROY L. BEALL; JAMES B. BEALL; GARTH E. BEALL; ROBERT W.
BEALL; THELMA W. BEALL; MILDRED BEALL; THELMA B. BEALL,

                    Plaintiffs – Appellants,

        v.

LEDO RESTAURANT, INCORPORATED; HUNTINGTON CITY RESTAURANT,
INCORPORATED, trading as T.J. Elliott's; HUNTINGTON CITY
ENTERPRISES LLC, trading as Expressions Catering; THOMAS E.
MARCOS, JR.; THOMAS E. MARCOS, SR.; JAMES L. MARCOS; EILEEN
J. MARCOS,

                    Defendants – Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Deborah K. Chasanow, Chief District
Judge. (1:06-cv-03177-DKC)

_____

Submitted: November 24, 2010     Decided: January 7, 2011

_____

Before KING, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Brent M. Ahalt, MCNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH,
P.A., Greenbelt, Maryland, for Appellants. Cary J. Hansel,

Veronica Byam Nannis, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ledo Pizza System, Inc., Ledo Pizza Carryouts, Ltd., Robert M. Beall, Margaret K. Beall, Robert G. Beall, Troy L. Beall, James B. Beall, Garth E. Beall, Robert W. Beall, Thelma W. Beall, Mildred Beall, and Thelma B. Beall ("the Bealls" or "the Appellants"), filed this lawsuit against Ledo Restaurant, Inc., Huntington City Restaurant, Inc., d/b/a T.J. Elliott's Restaurant, Huntington City Enterprises LLC, d/b/a Expressions Catering, Thomas E. Marcos Jr., Thomas E. Marcos, Sr., and James L. Marcos ("the Marcoses"), alleging breach of contract, trademark violations, and unfair competition. The district court found two minor instances of breach of contract and awarded the Bealls two dollars in nominal damages. The court found for the Marcoses on all other claims. The Bealls noted a timely appeal.

The Bealls first challenge the district court's interpretation of the license agreement on summary judgment. They argue that, under the terms of the agreement, the Marcoses are limited to advertising within the four walls of their restaurants. The Bealls point to the Marcoses' websites in particular as being violative of the license agreement. We disagree.

We review a district court order granting summary judgment de novo, viewing the facts and inferences drawn from

3

them in the light most favorable to the nonmoving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Contract construction is also a question of law that this court reviews de novo. Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004). "[S]ummary judgment is appropriate when the contract in question is unambiguous or when an ambiguity can be definitively resolved by reference to extrinsic evidence." Washington Metro. Area Transit Auth. v. Potomac Inv. Prop., Inc., 476 F.3d 231, 235 (4th Cir. 2007).

By their own terms, the agreements here are governed by Maryland law. We have recognized that "Maryland follows 'the principle of the objective interpretation of contracts.'" Potomac Inv. Prop., 476 F.3d at 235 (quoting Walker v. Dep't of Human Res., 842 A.2d 53, 61 (Md. 2004)). "Under the objective theory of contracts [courts] look at what a reasonable person in the same position would have understood as the meaning of the agreement." Walton v. Mariner Health of Md., Inc., 894 A.2d 584, 594 (Md. 2006).

The relevant provisions of the license agreement provide that the Marcoses "shall not make use in any way of any of the Marks, Recipes, or the 'Ledo Pizza' pizza [sic] in any manner" except as specified. The Marcoses are permitted to

> sell at retail from the Adelphi Location or from the
> Bowie Area Locations salad dressing, tomato sauce or
> any other finished retail food products under the

4

names "Ledo Restaurant" or "Original Ledo Restaurant",
provided that the term "Restaurant" in any logos,
labelling, advertising or marketing materials . . .
shall be featured at least as prominently and styled
(if at all) in the same manner as the term "Ledo."

The license agreement also permits the Marcoses to use derivatives of the names "Ledo Restaurant" and "Original Ledo Restaurant" "in connection with the operation" of their restaurants.

We agree with the district court that the agreements in question did not restrict the Marcoses to advertising within the four walls of their restaurants. The language of the license agreement focuses on two issues: first, restricting the Marcoses to selling products under the Ledo mark only at the Adelphi and Bowie locations; and second, ensuring that the mark is presented or "styled" in a particular way. The relevant language does not support the Bealls' attempt to enlarge the geographic restrictions to encompass advertising.[*]

Next, the Bealls argue that the district court erred when it granted summary judgment as to Thomas Marcos, Sr., and dismissed him from the case. They argue that Marcos, Sr. is liable as a "co-promisor" on the agreements, and because he

_____

[*] Because we agree with the district court's conclusion that the Marcoses' advertising activities did not breach the agreements, we decline to consider whether the Bealls' claim is barred by laches.

5

expressly agreed to be held jointly and severally liable, citing Traylor v. Grafton, 332 A.2d 651, 672 (Md. 1975). ("When two or more promisors agree to pay a sum of money under a contract the amount promised is the promise of all and the promisee is entitled to a joint judgment against them, or judgments against them severally."). The Bealls also point to language in the agreements that states that the "Marcoses jointly and severally agree to indemnify the Bealls." Having considered these arguments, we find them to lack merit, and we affirm the district court on this issue as well.

The Bealls next contend that the district court erred in failing to find the Marcoses in breach of contract for the actions of Expressions; in so arguing the Bealls point to articles 5.1(c) and 5.2(b) of the settlement agreement. Because this issue was decided after a bench trial, we review factual findings for clear error and "conclusions of law, including contract construction," de novo. Roanoke Cement Co. v. Falk Corp., 413 F.3d 431, 433 (4th Cir. 2005).

Article 5.2 of the settlement agreement outlines the restrictions applicable to the Marcoses' business activities. Section (b) provides that

> none of the Marcoses, Ledo Restaurant nor any of their successors or assigns shall open or participate directly or indirectly in any carryout or restaurant facility at any location whatsoever utilizing in any

6

way the name "Ledo" or any derivative or expansion thereof or the Ledo Pizza recipe.

Article 5.2(a) and article 5.1(c) limit the effect of this restriction, permitting the Marcoses to use Ledo intellectual property in connection with Ledo Restaurant and "one or more restaurants, carryouts and/or any retail store" in the Bowie area. The trademark agreement permits use of the Ledo mark "for direct retail sale . . . to the general public for sit-down or carry-out restaurant sales" sold at Ledo Restaurant or at any restaurant located in the Bowie area.

There is no dispute that Expressions was not permitted to use Ledo intellectual property. Together, the Marcoses own sixty percent of Expressions and, with this ownership interest, they have, at least indirectly, participated in a business using the Ledo mark without authorization. Moreover, while Expressions originally operated out of T.J. Elliott's in Bowie, it later moved to Owings, Maryland. Even if Expressions had remained at the Bowie location, its catering operations would violate the agreements whenever it used the Ledo mark, because the products would not have been sold at a retail store for "sit-down or carry-out." Accordingly, we find that Expressions' use of the Ledo mark constituted a violation of the agreements by the Marcoses. Therefore, we vacate this portion of the

7

district court's decision and remand it to allow the district court to consider damages on this claim.

Finally, we address the Bealls' contention that the district court erred in concluding that communications with Garth Beall were not protected by attorney-client privilege. "We review attorney-client privilege determinations by district courts under a two-fold standard of review." Hawkins v. Stables, 148 F.3d 379, 382 (4th Cir. 1998). When the district court's decision rests on legal principles, it is reviewed de novo, but when "the district court's ruling below rests on findings of fact, we review for clear error." Id. Additionally, "[e]videntiary rulings are . . . subject to harmless error analysis." United States v. Roe, 606 F.3d 180, 185 (4th Cir. 2010), cert. denied, ___ S. Ct. ___, 2010 WL 4115418 (U.S. Nov. 15, 2010) (No. 10-7014). Because the Bealls have given no indication that they were prejudiced by that ruling, they are entitled to no relief on this claim.

For the foregoing reasons, we affirm the district court in part, vacate in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately

8

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>