**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1700**

_____

ASSAM R. ALI,

                Plaintiff – Appellant,

     v.

ENERGY ENTERPRISE SOLUTIONS, LLC,

                Defendant – Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, Chief District
Judge.  (8:09-cv-01628-DKC)

_____

Submitted:  January 10, 2011       Decided:  March 3, 2011

_____

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Kathlynne Ramirez, KATHLYNNE RAMIREZ, ESQ., LLC, Gaithersburg,
Maryland; Christopher R. Pudelski, LAW OFFICES OF CHRISTOPHER R.
PUDELSKI, Washington, D.C., for Appellant.  John J. Hathway,
David M. Stevens, WHITEFORD, TAYLOR & PRESTON, L.L.P.,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Assam R. Ali appeals the district court's order granting Defendant's summary judgment motion on Ali's race discrimination and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010). Ali asserts that the district court erred when it granted Defendant summary judgment because he alleges that he established genuine issues of material fact regarding his claims. We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). For the following reasons, we affirm the district court's order.

We conclude that the district court correctly determined that Ali could not establish a disparate discipline claim based on Defendant's revocation of his network privileges because Ali did not establish that others outside his protected class were disciplined less severely for similar conduct. See Cook v. CSX Transp. Co., 988 F.2d 507, 511 (4th Cir. 1993) (holding that to establish a prima facie case of discriminatory discipline, the plaintiff must establish that "the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class").

We also conclude that the district court correctly determined that Ali could not establish his disparate treatment claim based on unequal pay because he could not rebut Defendant's legitimate, nondiscriminatory reason for the pay differential. The reason was that two other network team employees, although they had similar duties and responsibilities, were paid slightly more because at the time they joined Defendant's network team, they possessed greater educational qualifications or had longer length of service with Defendant or in information technology, generally. See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1048-49 (5th Cir. 1996) (recognizing that evidence of more experience in a particular position is a legitimate, nondiscriminatory reason for a pay differential); cf. Stanziale v. Jargowsky, 200 F.3d 101, 108 (3d Cir. 2000) (recognizing that a pay differential based on educational qualifications is an affirmative defense under the Equal Pay Act, 29 U.S.C. § 206(d) (2006)).

Last, we conclude that the district court correctly determined that Ali could not establish his retaliation claim because he failed to establish that Defendant's reason for terminating him (i.e., his refusal to cooperate in finding him a reassignment) was pretextual. Ali admitted that he refused to cooperate with Defendant's request for a revised resume and thus refused to aid in his placement in a new position. Thus, the

3

district court correctly determined that Ali's refusal to cooperate with Defendant's request was a legitimate, nondiscriminatory reason for Ali's termination. See, e.g., Montes v. Greater Twin Cities Youth Symphonies, 540 F.3d 852, 857-58 (8th Cir. 2008) (holding that employer satisfied burden of identifying nondiscriminatory reason where plaintiff was terminated "because he was unwilling to cooperate with board and staff members"); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1389 (6th Cir. 1993) ("[S]ummary judgment was proper because Defendants proffered two legitimate and non-discriminatory reason[s] for termination--deterioration of work and failure to cooperate--and [Plaintiff] failed to demonstrate by a preponderance of evidence that those reasons were pretext."). We conclude that the district court correctly determined that it was up to Ali to present evidence of pretext, which he simply failed to do.

Accordingly, we affirm the district court's order granting Defendant summary judgment on Ali's discrimination and retaliation claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4