**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6466

JOSEPH A. MILES, III,

                    Plaintiff – Appellant,

          v.

WILLIAM MOORE, III, Chaplain, Sussex II State Prison;
DAVID B. EVERETT, Warden, Sussex II State Prison; DAVID
ROBINSON, Regional Director, Eastern Regional Office,

                    Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.  (3:10-cv-00162-JRS)

Submitted:  October 4, 2011          Decided:  October 19, 2011

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Joseph A. Miles, III, Appellant Pro Se. Richard Carson Vorhis,
Senior Assistant Attorney General, Richmond, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph A. Miles, III, an inmate at Sussex II State Prison ("Sussex II"), appeals the district court's order denying relief on his 42 U.S.C. § 1983 complaint. On appeal, Miles argues that (1) the district court erred in dismissing his claims brought pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act, Pub. L. No. 106-274, 114 Stat. 803, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"); (2) he was deprived of an opportunity to file a Federal Rule of Civil Procedure 59(e) motion; (3) the district court erred in denying his motion to strike Appellee William Moore's motion for summary judgment; and (4) the district court erred in allowing the Virginia Attorney General to represent Moore. Finding no reversible error, we affirm the district court's dismissal of Miles's First Amendment claim for the reasons stated by the district court. Miles v. Moore, No. 3:10-cv-00162-JRS (E.D. Va. Mar. 3, 2011). Further, we hold that Miles had an adequate opportunity to file a Rule 59(e) motion and the district court did not err in finding that Miles's motion to strike did not comply with the Eastern District of Virginia's Local Rules and allowing the Attorney General to represent Moore. However, we conclude that the district court erred in dismissing Miles's RLUIPA claim and, accordingly, vacate in part and remand.

Miles argues that, as implemented by Appellees, Sussex II's policy permitting additions to the Master Pass List only during designated quarterly open enrollment periods placed a substantial burden on his religious exercise. Miles, a regular attendant of Christian religious services, was removed from the Master Pass List when he was penalized with twenty days in isolation for being in an unauthorized area; when he was released from isolation, Miles's request to be placed back on the Master Pass List to attend Christian services was denied because it was not made during an open enrollment period.

We review a district court's order granting summary judgment de novo, drawing all reasonable inferences in the light most favorable to the nonmoving party. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

RLUIPA prohibits prisons from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that the burden furthers a compelling governmental interest by the least restrictive means. 42 U.S.C.

3

§ 2000cc-1(a)(1)-(2); see Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir. 2009).  A substantial burden "is one that put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs, or one that forces a person to choose between following the precepts of her religion and forfeiting [governmental] benefits on the one hand, and abandoning one of the precepts of her religion . . . on the other hand." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (internal quotation marks and citations omitted).  The plaintiff bears the initial burden of showing that he seeks to engage in an exercise of religion and that the challenged practice substantially burdens that exercise.  42 U.S.C. § 2000cc-2(b); Smith, 578 F.3d at 250.  Once a plaintiff carries his burden, the defendants must prove that the religious burden is the least restrictive means of furthering a compelling governmental interest.  Id.

In dismissing Miles's RLUIPA claim, the district court held that, although Miles showed that the open enrollment policy substantially pressured Miles to change his behavior, he did not demonstrate that the burdened religious activity--congregational worship--was an important belief.  The record, however, shows that Miles submitted an affidavit to the court wherein he noted that "I believe [church attendance] is vital for Christian growth and development."  E.R. 148.  Moreover, in determining whether there has been a substantial burden "courts must not

4

judge the significance of the particular belief or practice." Lovelace, 472 F.3d at 187 n.2. Rather, courts should inquire into the sincerity of the professed religiosity. Id. The district court conceded that Miles showed that he faithfully attended Christian services, baptisms, and communion services and that he was deprived of the ability to participate in these activities when he was removed from the Master Pass List. Such a showing is sufficient to satisfy RLUIPA's substantial burden requirement.

Because the district court concluded that Miles had not shown that the open enrollment policy substantially burdened his religious exercise, it did not proceed to the next step of determining whether Appellees could demonstrate that the burden furthers a compelling governmental interest by the least restrictive means. On this record, we cannot conclude that the open enrollment policy is the least restrictive means of achieving a compelling interest. Accordingly, we vacate the district court's dismissal of Miles's RLUIPA claim and remand with instructions for the district court to evaluate whether the open enrollment policy is the least restrictive means to further a compelling governmental interest.

In sum, we affirm the district court's dismissal of Miles's First Amendment claim, deny relief on his additional claims on appeal, and vacate the district court's dismissal of

his RLUIPA claim and remand for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
