**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-6069**

_____

DION ORLANDO TAYLOR,

               Plaintiff - Appellant,

       v.

SGT. MICHAEL LANG, all in individual and official
capacities; MAJOR EICHELBERGER, all in individual and
official capacities; WARDEN LEVERN COHEN, all in individual
and official capacities; LT. S. LOWERY, all in individual
and official capacities; M. E. MONTOUTH, Grievance
Coordinator, all in individual and official capacities,

               Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Henry M. Herlong, Jr., Senior
District Judge.  (0:10-cv-02327-HMH)

_____

Submitted:  May 31, 2012          Decided:  June 21, 2012

_____

Before WILKINSON, KING, and KEENAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Dion Orlando Taylor, Appellant Pro Se.  William T. Young, III,
HOWELL, GIBSON & HUGHES, PA, Beaufort, South Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dion Orlando Taylor, a South Carolina state inmate, appeals the district court's order adopting the recommendation of the magistrate judge and granting summary judgment to defendants Sergeant Michael Lang, Warden Levern Cohen, and Sergeant Mary Montouth on his claims of various violations of his constitutional rights, pursuant to 42 U.S.C. § 1983 (2006). We affirm in part, vacate in part, and remand for further consideration.

We review de novo a district court's order granting summary judgment. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party . . . if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of any factual dispute; only disputes over facts that might affect the

2

outcome of the suit under governing law will properly preclude summary judgment.  Id. at 248-49.

First, Taylor contends that the district court erred in granting summary judgment to Sergeant Lang on his claim of excessive use of force in violation of the Eighth Amendment.  In the prison context, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned."  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  Eighth Amendment analysis necessitates inquiry as to whether the prison official at issue "acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)."  Id.

In a claim for excessive application of force, a claimant must meet a heavy burden to satisfy the subjective component - that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good-faith effort to maintain or restore discipline."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted).  To satisfy the subjective component, a claimant must show that a prison official acted with a "sufficiently culpable state of mind," Wilson v. Seiter, 501 U.S. 294, 297 (1991), i.e., "wantonness in the infliction of pain."  Whitley, 475 U.S. at 322.  In determining whether a

3

prison official has acted with "wantonness," courts should consider the necessity for the application of force; the relationship between the need for force and the amount of force used; the extent of the injury inflicted; the extent of the threat to the safety of the staff and other prisoners, as reasonably perceived by the responsible officials based on the facts known to them at the time; and the efforts, if any, taken by the officials, to temper the severity of the force applied. See Hudson v. McMillian, 503 U.S. 1, 7 (1992).

After careful evaluation of the record, which consists in relevant part of Lang's and Taylor's conflicting statements, we conclude that material issues of fact exist regarding the justification for the force Sergeant Lang used against Taylor. Construed in a light most favorable to Taylor, the evidence would permit a finding that Lang, while engaged in a verbal disagreement with Taylor, commanded Taylor to face him, and that, when Taylor complied, Lang applied a burst of pepper spray to Taylor's face, despite the fact that Taylor was complying with Lang's various directives and was not acting in an aggressive or threatening manner. Because the version of the incident proffered by Taylor could be credited by a reasonable factfinder, we conclude that the district court erred on the record before it by resolving the differing descriptions of the events that transpired between Lang and Taylor in Lang's favor.

4

We further conclude this error undermines the propriety of the district court's analysis regarding the subjective component of Taylor's excessive force claim. See Treats v. Morgan, 308 F.3d 868, 872-75 (8th Cir. 2002); Williams, 77 F.3d at 762-63; Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). We accordingly vacate the district court's grant of summary judgment on this claim, and remand for further proceedings.[*]

Taylor, however, cannot establish Warden Cohen's liability based on his supervision of Lang. Taylor's identification of one admittedly unrelated occasion on which he was subjected to an application of pepper spray several months after the incident at issue here is insufficient to establish that Cohen knew or had reason to know that Lang or other prison officials were engaging in potentially unjustified uses of force. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Accordingly, we affirm the grant of summary judgment to Warden Cohen.

Finally, the district court determined correctly that Taylor's due process claim against Sergeant Montouth alleging

---

[*] This disposition should not be considered as indicating any view by this Court as to the merits of Taylor's claim. Rather, it simply reflects our judgment that the versions of events recounted by Taylor and Lang are sufficiently disparate on material points that summary judgment on the present record was premature. We leave the course of proceedings on remand to the sound judgment of the district court.

5

unsatisfactory investigation and consideration of his various administrative grievances is without merit. Taylor's access to and participation in the prison's grievance process are not constitutionally protected, and Sergeant Montouth's alleged malfeasance cannot be said to have impeded Taylor's access to the courts. <u>See</u> <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994).

Based on the foregoing, we affirm the district court's order granting summary judgment on each of Taylor's claims except for his claim against Sergeant Lang of excessive use of force. As to that claim, we vacate the grant of summary judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART,</u><br>
<u>AND REMANDED</u>