**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2333**

PRISCILLA REID HAMMOND,

              Plaintiff - Appellant,

     v.

ALLIEDBARTON SECURITY SERVICES LLC,

              Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:10-cv-02441-JFA)

Submitted: June 13, 2012         Decided: July 26, 2012

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard A. Harpootlian, Graham L. Newman, Michael D. Scott, RICHARD A. HARPOOTLIAN, PA, Columbia, South Carolina, for Appellant. Weston Adams, III, Sterling G. Davies, Helen F. Hiser, MCANGUS, GOUDELOCK & COURIE, LLC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Priscilla Reid Hammond was attacked and beaten by an armed carjacker in a parking lot of Kershaw County Medical Center ("KCMC"). Hammond filed this diversity action against AlliedBarton Security Services LLC ("AlliedBarton"), alleging that AlliedBarton was negligent in providing security services to KCMC. The district court granted summary judgment in favor of AlliedBarton, and Hammond appeals. Finding no error, we affirm.

Hammond challenges the district court's conclusions that AlliedBarton had only assumed those duties evidenced by its contractual agreement, that it had not breached a duty voluntarily assumed through its contractual relationship with KCMC, and that Hammond otherwise failed to provide evidence of a breach. We review a grant of summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

Although a business owner, such as KCMC, has a duty to take reasonable care to protect invitees to its property from foreseeable risk, see, e.g., Bass v. Gopal, Inc., 716 S.E.2d

2

910, 913 (S.C. 2011), this duty does not automatically extend to AlliedBarton. We conclude that Hammond has failed to provide evidence sufficient to establish that AlliedBarton should be held responsible for KCMC's duty to ensure the safety of KCMC's patrons, beyond the scope of those duties specifically undertaken pursuant to their contractual relationship. See Madison ex rel. Bryant v. Babcock Ctr., Inc., 638 S.E.2d 650, 656-57 (S.C. 2006); Dorrell v. S.C. Dep't of Transp., 605 S.E.2d 12, 14 (S.C. 2004). Taking the evidence in the light most favorable to Hammond, we also conclude that the record does not establish that AlliedBarton either voluntarily assumed duties beyond its contractual requirements, breached its duties under the contract, or failed to adequately train its employees. Thus, the district court properly granted summary judgment in favor of AlliedBarton.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED