**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6300**

JEAN BERNARD GERMAIN,

Plaintiff - Appellant,

v.

MONICA METHENY, RN; CORIZON CORPORATION; R.N. DAWN HAWK,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:12-cv-01882-JFM)

Submitted:  August 23, 2013          Decided:  August 30, 2013

Before GREGORY, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jean Bernard Germain, Appellant Pro Se.  Lisa J. Russell, Larry Michael Waranch, WARANCH & BROWN, LLC, Lutherville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Bernard Germain appeals the district court's orders granting summary judgment to the Appellees, dismissing his civil rights complaint and denying his motion for reconsideration. We have reviewed the record and find no reversible error. Accordingly, we affirm.

This court reviews de novo a district court's order granting summary judgment. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of any factual dispute; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "Conclusory or speculative allegations do not suffice, nor does

2

a mere scintilla of evidence in support of" the nonmoving party's case. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

To prevail on an Eighth Amendment claim of inadequate medical care, an inmate must allege acts or omissions sufficiently harmful to constitute deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). First, he must objectively show that the deprivation suffered or injury inflicted was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is one that requires medical treatment. Brice v. Virginia Beach Corr. Cntr., 58 F.3d 101, 104 (4th Cir. 1995). Then, the inmate must show that the defendant acted with deliberate indifference to his serious medical need. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent to a serious medical need if he knows of and disregards "an excessive risk to inmate health or safety." Odom v. South Carolina DOC, 349 F.3d 765, 770 (4th Cir. 2003) (internal quotation marks omitted). The prison official must be aware of facts from which an inference is derived that a serious risk of harm exists. Even if the official is aware of such facts, the official can avoid liability by responding reasonably to the risk, "even if the harm ultimately was not averted." Id. (internal quotation marks omitted).

We have reviewed the record and conclude that Germain failed to show that there was a genuine dispute as to a material fact, particularly that the Defendants were deliberately indifferent to his serious medical need. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED