**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6473**

———————

PATRICK L. BOOKER,

             Plaintiff - Appellant,

      v.

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES; GREENVILLE
COUNTY SHERIFF'S OFFICE; BRANDY P. SULLIVAN; TAMMY CHILDS;
SHAWNEE PEEPLES; KELLY P. KAROW,

             Defendants - Appellees,

      and

GREENVILLE COUNTY SCHOOL DISTRICT,

             Defendant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Timothy M. Cain, District Judge.
(8:12-cv-00985-TMC)

———————

Submitted:  August 29, 2014        Decided:  September 9, 2014

———————

Before WILKINSON and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Patrick L. Booker, Appellant Pro Se. Russell W. Harter, Jr., CHAPMAN, HARTER & HARTER, PA, Greenville, South Carolina; Paul L. Agnew, Abbeville, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Booker, a South Carolina prisoner, filed a complaint under 42 U.S.C. § 1983 (2012), alleging, in pertinent part, that the South Carolina Department of Social Services ("SCDSS") and its agents, Brandy Sullivan, Shawnee Peeples, and Tammy Childs, violated his substantive and procedural due process rights when they temporarily removed his daughter, J.J., from the custody of her mother. The district court granted summary judgment to each defendant and denied Booker's subsequent Fed. R. Civ. P. 59(e) motion. Booker now appeals both orders. We affirm.

We review de novo a district court's order granting summary judgment. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Conclusory or speculative allegations do not suffice,

3

nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Booker claimed that Peeples violated his due process rights by taking emergency custody of J.J. in the absence of prior notice, a court order, or exigent circumstances. However, having carefully reviewed the record, we conclude that Peeples had an appropriately founded belief that J.J. and her siblings were in immediate danger, namely of being re-exposed to narcotics by their mother or other family members. See Weller v. Dep't of Soc. Servs. for the City of Balt., 901 F.2d 387, 391-92 (4th Cir. 1990). Under such circumstances, no prior notice of the emergency removal was required. Id.

Further, we agree with the district court that Sullivan was entitled to absolute immunity from Booker's claim that she made intentional misstatements when preparing and presenting a petition for J.J.'s retention in SCDSS's custody. Vosburg v. Dep't of Soc. Servs., 884 F.2d 133, 138 (4th Cir. 1989). Although not addressed by the district court, we also conclude that Sullivan's absolute immunity extends to her alleged failure to notify Booker of J.J.'s removal and the resulting probable cause hearing. See Pusey v. City of Youngstown, 11 F.3d 652, 658-59 (6th Cir. 1993); see also

4

Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, we conclude that Booker's claims regarding Childs' conduct in the wake of J.J.'s removal failed to suggest a violation of his substantive due process rights and, therefore, that Childs was rightly granted qualified immunity. To survive summary judgment, Booker was required to produce evidence that Childs was more than merely negligent but, instead, unjustifiably intended to injure Booker's right to maintain a relationship with J.J. See Huggins v. Prince George's Cnty., 683 F.3d 525, 535 (4th Cir. 2012); Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001). Booker's sparse, factually unsupported allegations against Childs fell well short.

Because the district court properly granted summary judgment and did not abuse its discretion in denying Booker's Rule 59(e) motion, we affirm the district court's orders. We grant Booker's motion for leave to file a supplemental pro se brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED