**Lee YOUNG, Plaintiff—Appellant,**

v.

**NORTH CAROLINA AGRICULTURAL & TECHNICAL STATE UNIVERSITY; Board of Governors of the University of North Carolina; Stanley Battle, Defendants—Appellees.**

No. 11–1244.

United States Court of Appeals,
Fourth Circuit.

Submitted: Dec. 16, 2011.

Decided: Jan. 4, 2012.

---

286

Jonathan Wall, Robertson Medlin & Bloss, PLLC, Greensboro, North Carolina, for Appellant. Roy Cooper, North Carolina Attorney General, Stephanie A. Brennan, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Young appeals the district court's order granting summary judgment in favor of North Carolina Agricultural and Technical State University, the Board of Governors of the University of North Carolina, and Stanley Battle (collectively "the University") on Young's claims pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 (2006) ("FMLA"). Young alleges that the University retaliated against him for asserting his right to leave under the FMLA by terminating his employment and ceasing its efforts to find him another position with the University. After the University moved for summary judgment, the district court found that Young had failed to establish a prima facie case of retaliation and granted the motion. We affirm.

We review de novo a district court's order granting summary judgment. *See Robinson v. Clipse*, 602 F.3d 605, 607 (4th Cir.2010). In doing so, we must draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* Summary judgment may be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of some factual dispute; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* at 248–49, 106 S.Ct. 2505. Mere conclusory allegations are insufficient to support the non-moving party's case. *Erwin*

*v. United States,* 591 F.3d 313, 319 (4th Cir.2010).

It is unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1) (2006). The FMLA also prohibits an employer from discriminating against or discharging an employee for asserting rights under the Act. 29 U.S.C. § 2615(a)(2) (2006). Thus, § 2615(a)(2) is broadly interpreted as prohibiting "retaliation" by employers based on an employee's exercise of his FMLA rights. *Yashenko v. Harrah's N.C. Casino Co., LLC,* 446 F.3d 541, 546 (4th Cir.2006). FMLA retaliation claims, like the one Young asserts, are generally evaluated under the *McDonnell Douglas** burden-shifting framework. *Id.* at 551. To establish a prima facie case of FMLA retaliation, a plaintiff must show "that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Id.*

Although Young engaged in protected activity, he has not produced sufficient evidence tending to show an adverse action on the part of the University or its employees. At the time of the events in question, Young no longer held a position with the University from which he could be terminated. Furthermore, contrary to Young's argument, the record does not suggest that the University ceased any ongoing or sustained process to find another position for him or that it declined to consider him for employment in other open positions.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*

---

* *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).