**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-7254

DAVID BACCHUS,

Plaintiff - Appellant,

v.

LT. SCARBOROUGH; LT. RICHARDSON; LT. ROGERS; LT. GOODMAN;
SGT. JOHNSON; LT. MIMS; SGT. ROACH; SGT. ANDERSON; SGT.
SCARBOROUGH; OFC. EPPS; OFC. GERBODE; OFC. SILIMON; OFC.
SIMON; OFC. M. WILLIAMS; OFC. YORK; MS. S. ROBERTS; MR.
CARTER; MR. POLIETMAN; LT. JUNE; SC DEPT OF CORRECTIONS;
ROBERT WARD; DEPUTY COMMISSIONER OF OPERATIONS; INSPECTOR
GENERAL DAN MURPHY; IGC A. HARDIN; DR. STAHL; NURSE LORIMER;
WARDEN PADULA; A-W BELL; A-W BROOKS; MAJOR DEAN; CAPTAIN R.
JOHNSON; CAPTAIN THOMAS; LT. HANCOCK; LT. COMMANDER; LT.
STEWART, in their official and individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Henry M. Herlong, Jr., Senior
District Judge.  (6:10-cv-02857-HMH)

Submitted:  February 6, 2012        Decided:  February 16, 2012

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part and remanded by unpublished
per curiam opinion.

David Bacchus, Appellant Pro Se. Walker Heinitsh Willcox, WILLCOX BUYCK & WILLIAMS, PA, Florence, South Carolina, for Appellees.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Bacchus, a South Carolina state inmate, appeals the district court's order adopting the recommendation of the magistrate judge and granting the defendants' Fed. R. Civ. P. 56(a) motion for summary judgment. Bacchus' complaint, filed pursuant to 42 U.S.C. § 1983 (2006), alleged numerous violations of his Eighth Amendment rights, including excessive use of force, deliberate indifference to his safety, and deliberate indifference to his medical needs. Bacchus' claims stem from a confrontation with prison officials spurred by his violent attack on one of the defendant corrections officers, Lieutenant Cedric June. We affirm in part, vacate in part, and remand for further consideration.

We review de novo a district court's order granting summary judgment and draw all reasonable inferences in the light most favorable to the non-moving party. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment "shall" be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

3

## I. Excessive force claim.

In the prison context, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Eighth Amendment analysis necessitates inquiry as to whether a specific prison official "acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Id.

In a claim for excessive application of force, a claimant must meet a heavy burden to satisfy the subjective component. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). He must show that a correctional officer applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to maintain or restore discipline. Id. (internal quotation marks omitted). The objective component of an excessive force claim is not as demanding, however, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,] whether or not significant injury is evident." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (internal quotation marks and ellipsis omitted).

To satisfy the subjective component, a claimant must show that a prison official acted with a "sufficiently culpable

4

state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). In a claim for excessive force, that state of mind is "wantonness in the infliction of pain." <u>Whitley v. Seiter</u>, 475 U.S. at 322. In determining whether a prison official has acted with "wantonness," we consider: the necessity for the application of force; the relationship between the need for force and the amount of force used; the extent of the injury inflicted; the extent of the threat to the safety of the staff and other prisoners, as reasonably perceived by the responsible officials based on the facts known to them at the time; and the efforts, if any, taken by the officials to temper the severity of the force applied. <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992).

Here, Bacchus' claim of excessive force levies allegations solely against Lieutenant June. After careful evaluation of the record, we conclude that material issues of fact exist regarding the nature of the force June used during the altercation with Bacchus. Construed in a light most favorable to Bacchus, the evidence permits a finding that June, while verbally taunting Bacchus, repeatedly used his knee to apply force to Bacchus' head after other officers had incapacitated the inmate. The district court, however, premised its findings on the defendants' assertion that any application of force by June occurred during efforts to subdue Bacchus. Because the version of the incident proffered by Bacchus could

5

be credited by a reasonable factfinder, we conclude that the district court erred by resolving the differing descriptions of the role played by June in June's favor. We further conclude this error undermines the propriety of the district court's analysis regarding the subjective component of Bacchus' excessive force claim. We accordingly vacate the district court's grant of summary judgment on this claim as to Lieutenant June, and remand for further proceedings.[1]

## II. Deliberate indifference to safety.

Bacchus' deliberate indifference claim turns on his allegation that prison officials failed to protect him from Lieutenant June. To establish a claim for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious . .

---

[1] By this disposition, we do not suggest that Bacchus' claim is meritorious. Rather, on this record, we conclude that it is sufficiently plausible that summary judgment was inappropriate. We do not foreclose the possibility that further proceedings may allow for summary judgment, either on the merits or based on qualified immunity. These determinations, however, are left in the first instance for the district court.

6

. risk of harm." Id. A showing of mere negligence does not qualify as deliberate indifference. Davidson v. Canon, 474 U.S. 344, 347 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

Here, neither Bacchus nor the record indicates that any prison official knew of a meaningful risk to Bacchus' safety prior to his attack on Lieutenant June. Bacchus' complaints to prison officials regarding his verbal conflicts with Lieutenant June failed to offer a credible indication that June posed a physical threat to Bacchus. Furthermore, the record indicates that the other officers involved in restraining Bacchus after he attacked June acted appropriately to separate the men and provide medical treatment to Bacchus. Accordingly, we affirm the district court's grant of summary judgment on Bacchus' claim of deliberate indifference to his safety.

### III. Medical indifference claim.

Bacchus failed to raise any objection to the portion of the magistrate judge's report that recommended granting summary judgment on his claim of medical indifference. Therefore, he has waived appellate review of the district court's disposition of this claim. United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007).

Based on the foregoing, we affirm the district court's order granting summary judgment on each of Bacchus' claims except for his claim against Lieutenant June of excessive use of force. As to that claim, we vacate the grant of summary judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED
