**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-1582**

─────────

STEVEN JENKINS; MICHAEL JOHNSON; THERESA JONES; JARRETT
STAFFORD; RODNEY WILLIAMS,

               Plaintiffs - Appellants,

     v.

BALTIMORE CITY FIRE DEPARTMENT; MAYOR & CITY COUNCIL OF
BALTIMORE,

               Defendants - Appellees.

─────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Susan K. Gauvey, Magistrate Judge.
(1:10-cv-00125-SKG)

─────────

Submitted: April 18, 2013         Decided: April 25, 2013

─────────

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Neal M. Janey, Sr., LAW OFFICE OF NEAL M. JANEY, Baltimore,
Maryland, for Appellants. George A. Nilson, City Solicitor,
William R. Phelan, Jr., Chief Solicitor, Sabrina Willis,
Assistant Solicitor, Baltimore, Maryland, for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Five members of the Baltimore City Fire Department ("BCFD"), Steven Jenkins, Michael Johnson, Theresa Jones, Jarrett Stafford, and Rodney Williams, appeal the district court's order granting summary judgment in favor of Defendant, the Mayor and City Council of Baltimore City ("the City"), in their employment discrimination action.[*] Although the district court disposed of several of Plaintiffs' discrimination claims, on appeal, Plaintiffs challenge only the entry of summary judgment on their disparate promotion claim. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative

_____

[*] Plaintiffs do not appeal the district court's entry of summary judgment in favor of Defendant BCFD on the ground that it is not an entity that may be sued.

2

allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

We have carefully reviewed the parties' briefs and the joint appendices and find no legal or factual basis to reverse the district court's conclusion that, while Plaintiffs established a prima facie case of disparate promotion, see Page v. Bolger, 645 F.2d 227, 229-30 (4th Cir. 1981), they did not prove that the City's proffered reason for the adverse employment action was pretextual. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-48 (2000). Accordingly, we affirm the entry of summary judgment in favor of the City on Plaintiffs' disparate promotion claim for the reasons stated by the district court. Jenkins v. Balt. City Fire Dep't, No. 1:10-cv-00125-SKG (D. Md. filed Mar. 30, 2012 & entered Apr. 2, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3