**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2445**

_____

DAVID C. MARTIN,

     Plaintiff - Appellant,

  v.

NAES CORPORATION,

     Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:12-cv-00058-NKM-RSB)

_____

Submitted: August 29, 2014   Decided: September 10, 2014

_____

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary M. Spangler, LAW OFFICE OF M.M. SPANGLER, Alexandria, Virginia, for Appellant. Alison N. Davis, LITTLER MENDELSON, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David C. Martin filed suit in state court against his employer, NAES Corp. ("NAES"), alleging breach of contract and discrimination under the Age Discrimination in Employment Act ("ADEA"). NAES removed the action to federal court. The district court initially granted summary judgment to NAES on Martin's ADEA claim but denied summary judgment on Martin's breach of contract claim. After completion of discovery, however, the court granted NAES's renewed motion for summary judgment on the remaining breach of contract claim. Martin now appeals, challenging the district court's reliance on a transfer letter as dispositive of his breach of contract claim. Finding no reversible error, we affirm.

Martin worked as a technician at NAES, an energy company that contracted with Dominion Power to provide services at a power station located in Altavista, Virginia. Martin was informed that his employment would be terminated, but was offered severance. Martin was subsequently offered a job at NAES's Pittsylvania plant. The offer letter unequivocally provided that by accepting the offer of transfer, previously provided severance documents would become null and void. Martin accepted both the transfer offer and the severance package on the same day, noting that his acceptance of the transfer order, requiring him to forgo his severance, was "under duress."

2

Martin subsequently filed suit claiming breach of contract and seeking enforcement of the severance offer. In granting summary judgment to NAES, the district relied heavily on the transfer letter signed by Martin, finding that NAES's offer of a transfer to Pittsylvania specifically excluded Martin from eligibility for the severance.

On appeal, Martin challenges the district court's reliance on the transfer letter on four grounds: (1) he was not given an opportunity to respond to the district court's finding that the transfer letter was a separate contract, a claim not raised by either party; (2) the court erred in treating it as a stand-alone contract rather than a personnel action; (3) if the letter is correctly viewed as a new contract, his notations should be deemed a counteroffer and therefore there was no meeting of the minds; and (4) the court erred in relying on a letter that "has never been offered into evidence, has never had a proper foundation for its introduction into evidence, and will likely not withstand objections to its introduction."

This court reviews the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact

3

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise properly supported summary judgment motion will not be defeated by the existence of some factual dispute; however, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Id. at 248. Indeed, to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. Fed. R. Civ. P. 56(c); see Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case.") (internal quotation marks omitted).

Under these standards, we have examined each of Martin's claims and conclude that they are meritless. The district court correctly applied Virginia law to conclude that the transfer letter constituted a superseding contract and that no counteroffer existed. We further conclude that the transfer letter was admissible evidence and was therefore properly

4

considered by the district court in granting summary judgment to NAES.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>