**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1913**

———————

ELEANOR BLANKSON-ARKOFUL,

              Plaintiff - Appellant,

      v.

SUNRISE SENIOR LIVING SERVICES, INCORPORATED; ZAIRA
ORELLANA,

              Defendants – Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge. (1:09-cv-02291-JFM)

———————

Submitted: September 28, 2011      Decided: October 11, 2011

———————

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas B. Corbin, THOMAS B. CORBIN, P.A., Baltimore, Maryland,
for Appellant.  Thomas P. Murphy, Jeffrey B. Hardie, HUNTON &
WILLIAMS LLP, McLean, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eleanor Blankson-Arkoful appeals the district court's order granting Appellees' motion for summary judgment on her employment discrimination, defamation, and false light claims arising from her termination from one of Appellee Sunrise Senior Living Services' ("Sunrise") nursing homes following a report of alleged resident abuse. On appeal, Blankson-Arkoful seeks to supplement the record on appeal with a memorandum in opposition to Appellees' motion to strike two exhibits that she inadvertently failed to file in the district court. She also argues that the district court erred in granting Appellees' motion to strike and in granting summary judgment on her defamation and false light claims. For the reasons that follow, we decline to supplement the record and, finding no error, we affirm the district court's judgment.

Federal Rule of Appellate Procedure 10(a) provides that the record on appeal consists of the "original papers and exhibits filed in the district court," any transcript of proceedings, and a certified docket sheet. However, we have the authority to permit the record to be supplemented "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2)(c); see also Lowry v. Barnhart, 329 F.3d 1019, 1024 (9th Cir. 2003) (identifying very limited exceptions to Rule 10(a)).

2

Initially, we note that the Clerk has already entered an order denying Blankson-Arkoful's motion for leave to file a supplemental appendix containing only her memorandum in opposition, and Blankson-Arkoful did not file a request for reconsideration, vacation, or modification of that order within fourteen days after its entry. See 4th Cir. R. 27(b). Moreover, Blankson-Arkoful makes no proffer as to the materiality of the memorandum and the reason for her failure to move to file it in the district court upon realizing that it was not properly transmitted. Therefore, we decline to exercise our authority to make an exception to Rule 10(a).

Next, Blankson-Arkoful challenges the district court's ruling striking two exhibits that she failed to provide to Appellees during discovery.[1] Federal Rule of Civil Procedure 37(c)(1) provides for the exclusion of evidence that the party fails to provide as required during discovery, "unless the failure was substantially justified or is harmless." A district court has broad discretion to determine whether such a failure

---

[1] Blankson-Arkoful also argues that she was denied the opportunity to respond to Appellees' motion to strike these documents because the district court issued its order seven days prior to the due date for her response to Appellees' motion. Blankson-Arkoful does not cite any authority to support her contention, and we conclude that any error by the district court was harmless, as Blankson-Arkoful's motion to reconsider gave her an opportunity to be heard on the motion to strike.

is substantially justified or harmless and, in doing so, should examine

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

Here, the exhibits were a surprise to Appellees, as Blankson-Arkoful did not provide them during discovery, and the author of the exhibits was not deposed. Blankson-Arkoful's conclusory argument that her nondisclosure was inadvertent is not sufficiently persuasive to excuse her failure. Accordingly, we hold that the district court did not abuse its discretion in granting Appellees' motion to strike.[2]

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-moving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Here, the district court did not abuse its discretion in

---

[2] In any event, we have examined the documents excluded by the district court and determine that they contain redundant and immaterial evidence. Accordingly, we are confident that the district court's consideration of them would not have affected the court's disposition.

granting Appellees' motion for summary judgment on Blankson-Arkoful's defamation and false light claims because, even assuming their statements to police were defamatory or placed Blankson-Arkoful in a false light, Sunrise and Orellana enjoyed statutory immunity from civil liability for their reports.[3] Under Maryland law, "a person who believes that a resident of a [nursing home] has been abused" is required to report the abuse to an appropriate law enforcement agency. See Md. Code Ann., Health-Gen. § 19-347(b)(1) (LexisNexis 2009). Further, "a person shall have the immunity from liability described under § 5-631 of the Courts and Judicial Proceedings Article for: (1) Making a report under this section; [or] (2) Participating in an investigation arising out of a report under this section." Md. Code Ann., Health-Gen. § 19-347(g). Immunity is provided by Md. Code Ann., Cts. & Jud. Proc. 5-631 (LexisNexis 2006), to those acting in good faith in reporting such abuse. Here, Appellees asserted their good faith in reporting Blankson-Arkoful's conduct, and she makes only conclusory assertions to the contrary.

To the extent that Blankson-Arkoful sued Orellana for the report she made to Sunrise, we conclude that Orellana was

---

[3] We may affirm for any grounds apparent from the record. See MM ex rel. DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 532, 536 (4th Cir. 2002).

5

protected by a common law qualified privilege. A person will not be held liable on a claim of defamation or false light when she acts, in good faith, "in furtherance of some interest of social importance, which is entitled protection." <u>Gohari v. Darvish</u>, 767 A.2d 321, 328 (Md. 2001) (internal quotation marks omitted) (defamation); <u>see</u> <u>Bagwell v. Peninsula Reg'l Med. Ctr.</u>, 665 A.2d 297, 319 (Md. Ct. Spec. App. 1995) (false light). Because the reporting of resident abuse is a matter of social importance entitled to protection and Blankson-Arkoful did not adduce any evidence to dispute Orellana's deposition testimony showing that she acted in good faith, Orellana is immune from suit for her statements to Sunrise executives.

In sum, we deny Blankson-Arkoful's request to supplement the record and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>