**Dorothy K. SMITH, Plaintiff,**

v.

**AURORA PUBLIC SCHOOLS, Defendant.**

**Civil Action No. 15–cv–1621–WJM–CBS**

United States District Court, D. Colorado.

Signed 05/13/2016

Daniel Kalish, Hkm Employment Attorneys LLP–Seattle, Seattle, WA, Shelby Woods, Claire E. Munger, Hkm Employment Attorneys LLP–Denver, Denver, CO, for Plaintiff.

Elizabeth Spellmire Francis, Madoche Jean, Toni Jo Wehman, Michael W. Schreiner, Caplan & Earnest, LLC, Boulder, CO, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT AND DENYING DEFENDANT'S MOTION TO STRIKE, BUT IMPOSING ALTERNATIVE SANCTIONS

William J. Martínez, United States District Judge

Currently before the Court are two motions: Plaintiff's Motion for Leave to Supplement Her Response to Defendant's Motion for Summary Judgment ("Motion to Supplement") (ECF No. 51), and Defendant's Motion to Strike (ECF No. 54). The Court denies both motions. However, with respect to Defendant's Motion to Strike, the Court imposes alternative sanctions on Plaintiff, requiring her to narrow the number of newly claimed witnesses to five and to partially compensate Defendant for up to three depositions that Defendant may choose to take among those five witnesses, as explained in greater detail below.

### I. BACKGROUND

In this lawsuit, Plaintiff Dorothy K. Smith ("Smith") sues Defendant Aurora Public Schools ("APS") for race and age discrimination allegedly committed by an APS employee. (ECF No. 18.) Discovery closed on February 17, 2016. (ECF No. 39.) APS filed a motion for summary judgment on March 9, 2016. (ECF No. 48.) On April 4, 2016, Smith filed her response, which included affidavits from seven individuals she had never disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(i) or 26(e). (*See* ECF Nos. 50–1 through 50–7.) These individuals allegedly have witnessed the sort of discrimination of which Smith complains.

On April 21, 2016, Smith filed her Motion to Supplement, requesting leave to file an affidavit from an additional individual recently discovered, and to file a second affidavit from one of the seven previously undisclosed

individuals. (ECF No. 51.) Later that day, APS filed its reply in support of summary judgment. (ECF No. 53.) Also on that day, APS filed the Motion to Strike, arguing that Smith's seven affidavits from previously undisclosed individuals are inadmissible under Rule 37(c)(1), and that an eighth affidavit is inadmissible under various Federal Rules of Evidence. (ECF No. 54.)

## II. ANALYSIS

### A. Motion to Strike

The Court will first address APS's Motion to Strike the affidavits. The affidavits in question are from Deborah Washington (ECF No. 50–1), Don Latimer (ECF No. 50–2), Erika Flores–Rowe (ECF No. 50–3), Tim Cross (ECF No. 50–4), Kim Martin (ECF No. 50–5), Milton Stillwell (ECF No. 50–6), Laura Wetendorf (ECF No. 50–7), and Michelle Spikes (ECF No. 50–8).

As to Spikes, APS argues only that the *content* of her affidavit is inadmissible, not that Spikes had never been timely disclosed as a potential witness. (ECF No. 54 at 5–7.) In other words, APS argues that the substance of Spikes's affidavit "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The undersigned recognizes the provision in this District's local rules stating that "[a] motion shall not be included in a response or reply to the original motion," D.C.COLO.LCivR 7.1(d), but the undersigned does not view a Rule 56(c)(2) objection as an appropriate basis for a separate motion. The Motion to Strike is therefore denied on that basis as to the Spikes affidavit. APS's objections to the Spikes affidavit are duly noted and will be considered when the Court resolves APS's summary judgment motion in due course.

Turning to the remaining seven affidavits, Smith states that she "inadvertently did not update the Rule 26 pleading" as to Kim Martin and Milton Stillwell. (ECF No. 57 at 10.) Smith further claims that she "could not update the Rule 26 pleading with the individuals who came forward later, specifically, Deborah Washington, Don Latimer, Tim Cross, Laura Wetendorf, and Erika Rowe." (*Id.*) Smith notes, however, that all of these individuals were mentioned or discussed in various discovery responses and depositions. (*Id.* at 1–7.) Given this, Smith argues that she had no duty to supplement her Rule 26 disclosures because Rule 26(e)(1)(A)'s requirement to supplement applies only to "additional or corrective information [that] has not otherwise been made known to the other parties during the discovery process or in writing." Smith also points out that these individuals are or were APS employees and therefore easily accessible to APS. (ECF No. 57 at 1–7.)

Smith misunderstands Rule 26(e)(1)(A) in this context, particularly the "information" that might "otherwise be[ ] made known." The information in question is not of the individual's existence or potential body of knowledge, but that the opposing party might call the individual as a witness. "[K]nowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness." *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC,* 2014 WL 2933189, at *2 (D. Colo. June 30, 2014). Indeed, one of the main purposes of the requirement to disclose witnesses "that the disclosing party may use to support its claims or defenses" is to "assist other parties in deciding which depositions will actually be needed." Fed. R. Civ. P. 26(a)(1)(A)(i) & Advisory Committee Comments to 1993 Amendments.

This is not a minor consideration. If one party lists a potential witness on its Rule 26 disclosures, the other parties know that they might see or hear that person's testimony for the first time at summary judgment or trial. The other parties can then make a calculated decision whether to seek discovery from that person and thereby mitigate the possibility of surprise, or, on the other hand, whether the expense of deposing that individual outweighs the consequences of potential surprise later. Obviously a party is deprived of this choice if the person is never listed as a potential witness.

█ This holds true even when all parties are aware of other individuals who might have relevant knowledge. Again, the rule requires parties to disclose those whom they

"may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Each party is entitled to presume that the other party understands and will comply with this rule. If, for example, all parties become aware that John Doe possesses knowledge that may support the plaintiff's claim but the plaintiff does not supplement its Rule 26 disclosures to name John Doe as a potential witness, the other parties are generally entitled to presume that the plaintiff has, for some reason, decided not to use John Doe's testimony in support of its claims.[1] Under that presumption, the other parties can plan their discovery strategy accordingly.[2]

■ Here, Smith claims that all of the relevant individuals came to the parties' attention to one degree or another over the course of discovery. Smith's failure to supplement her Rule 26 disclosures entitled APS to presume that Smith would not rely on any of these individuals to support her claims. It makes no difference that these individuals were APS employees. Until Smith put APS on notice that she might use those employees' testimony in her support, APS could properly presume that Smith had elected otherwise. Thus, Rule 26(e)(1)(A)'s exception to formal disclosure does not apply.

In that light, Rule 37(c)(1) governs APS's objection to the seven affidavits. That rule states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

■ The Court first examines substantial justification. "For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance." *Poitra v. Sch. Dist.*

*No. 1*, 311 F.R.D. 659, 668 (D. Colo. 2015). Smith makes no specific argument that she meets this standard. Moreover, as to the Martin and Stillwell affidavits, she states without explanation that she "inadvertently did not update the Rule 26 pleading." (ECF No. 57 at 10.) This is not enough to establish substantial justification.

To the extent Smith claims that she was substantially justified as to the remaining five affidavits because they "came forward later" (*id.*), the Court rejects the argument. Smith's counsel states that she and her client "attempted to find persons with relevant knowledge throughout this case by: informally talking to witnesses, serving discovery, and taking depositions. Despite these efforts, this information has just come to undersigned counsel's attention." (ECF No. 51–1 ¶ 8.) The Court does not doubt the first sentence, nor the second clause of the second sentence. But the Court cannot accept counsel's claim that all of this happened despite her and her client's previous efforts.

Counsel's position, above, is that all of these people were *already known* to all parties, but counsel also confirms that she learned of these seven individuals' alleged experiences only while preparing her summary judgment response. (*Id.* ¶ 5; ECF No. 57 at 1–7.) The Court cannot credit the implication that, despite counsel's best efforts, she belatedly learned that *all seven* could be potential witnesses in her client's support. Rather, it appears that summary judgment proceedings forced counsel to finally focus on the merits of the case and prompted further investigation. Accordingly, the Court finds that Smith was not substantially justified.

■ As for harmlessness, the Court must consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which intro-

---

1. Exceptions to this presumption could include situations where a party deposes John Doe despite a lack of formal disclosure, or where the plaintiff timely but informally notifies the other parties of its intent to call John Doe as a witness.

2. The Colorado Rules of Civil Procedure require all parties to disclose all individuals who might

have relevant information, regardless of whether the party intends to rely on those individuals' testimony. *See* Colo. R. Civ. P. 26(a)(1)(A). Under these rules, a choice-not-to-call presumption would not likely arise. But the Federal Rules of Civil Procedure do not employ this approach.

ducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Smith argues that the late disclosure is harmless under the circumstances because she is willing to participate in additional discovery. (ECF No. 59 at 10.)

■ Taking the harmlessness factors in reverse order, the Court finds no bad faith or willfulness on Smith's or her counsel's part. Rather, it appears that counsel w as insufficiently diligent.

As for trial disruption, no trial has been set, and the Court will not consider trial dates until after the final pretrial order enters in early August 2016. (*See* ECF No. 33 at 8 (final pretrial conference currently set for August 2, 2016).) The Court does not mean to suggest that lack of a trial date necessarily favors a finding of harmlessness. Nonetheless, the undersigned is already scheduling trials for early 2017. By August of this year, the undersigned will likely be looking at trial settings in late spring 2017. Under these circumstances, sufficient time exists to cure any prejudice to APS.

As for prejudice itself and the ability to cure it, the Court sees this from multiple perspectives. From one perspective, discovery in this matter has been anything but protracted, and substantial time remains to permit additional discovery. From another perspective, the Court hesitates to allow Smith to benefit from insufficient diligence, particularly where it imposes additional expense on APS. APS took discovery trusting that Smith would adhere to the scheduling order, and prepared its current summary judgment motion accordingly. Now APS is faced with numerous new witnesses against whose testimony it must defend. In response, it may need to revise its summary judgment filings, and perhaps its general case strategy.

From yet another perspective, however, the Court has yet to familiarize itself with the substance of APS's summary judgment motion. The Court therefore cannot say at this time whether striking any of Smith's late-disclosed affidavits would materially affect her ability to defeat summary judgment. In other words, the Court cannot currently weigh the oft-competing goals of procedural fairness and resolving cases on their merits.

■ Taking into account all of the foregoing, the Court cannot find that Smith's failure to disclose was harmless. However, in lieu of striking all seven affidavits, the Court chooses to employ Rule 37(c)(1)(A)'s framework for alternative sanctions. Specifically, the Court will permit Smith to rely on up to *five* of the seven affidavits (of her choosing) but APS will have an opportunity to depose those affiants and Smith must pay the deposition costs of up to *three* of those depositions.[3] The Court has set forth the particulars of this alternative sanction in the Conclusion (Part III), below.

### B. Motion to Supplement

Smith's Motion to Supplement seeks permission to offer the affidavit of an eighth new witness, "Ms. Olivas." (ECF No. 51 ¶ 7.) It also seeks to offer additional testimony from Laura Wetendorf, whose affidavit is already among the seven submitted in Smith's summary judgment response. (*Id.* ¶ 6.)

The Motion to Supplement is, in effect, a preemptive motion to be relieved from the Rule 37(c)(1) exclusion sanction that would otherwise apply. The Court will therefore summarily examine the substantial justification and harmlessness factors.

Concerning substantial justification, the Court finds even less potential justification here as compared to the seven affidavits discussed above because Smith is attempting to offer information supposedly learned for

---

3. The Tenth Circuit holds that this Court may not order Smith's counsel to bear costs or expenses under Rule 37(c)(1)(A). *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1226–27 (10th Cir. 2015). Nonetheless, the Court strongly believes that the equitable outcome would be for counsel's law firm to absorb these costs, rather than passing them on to Smith herself. The record reveals that it was *counsel's* actions, inactions and omissions, and not Smith's, that created the current situation. Indeed, it is frequently an attorney's conduct, not a client's, that a court must evaluate under Rule 37(c)(1)—a consideration the Tenth Circuit nowhere acknowledged in *Sun River*.

the first time *after* filing her response brief. Moreover, the Motion to Supplement does not actually include the proposed affidavits from either Olivas or Wetendorf. This only emphasizes insufficient diligence, even after discovery closed.

As for harmlessness, the Court cannot say that belated disclosure would be harmless for the same reasons discussed above in the context of the seven affidavits. The Motion to Supplement is therefore denied.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to Supplement Her Response to Defendant's Motion for Summary Judgment (ECF No. 51) is DENIED;

2. Defendant's Motion to Strike (ECF No. 54) is DENIED, but alternative sanctions will be imposed, as described in paragraphs 4–8, below.

3. To accommodate Rule 37(c)(1)'s requirement for notice and an opportunity to be heard, the alternative sanctions described in paragraphs 4–8, below, shall be deemed suspended through **May 18, 2016**. If Plaintiff files a motion to reconsider the alternative sanctions on or before that date, the sanctions will remain suspended pending the Court's resolution of that motion.[4] Otherwise, the sanctions shall go into effect beginning **May 19, 2016**;

4. From among the seven witnesses whose affidavits have been filed at ECF Nos. 50–1 through 50–7, Plaintiff shall select no more than five ("Five New Witnesses"), and shall disclose the Five New Witnesses through supplemental Rule 26(a)(1)(A)(i) disclosures transmitted to Defendant no later than **May 19, 2016**. The affidavit from any individual not so disclosed shall be deemed stricken;

5. Fact discovery is reopened through **July 8, 2016,** solely to permit Defendant to depose or otherwise seek discovery from or regarding the Five New Witnesses (any written discovery regarding the Five New Witnesses shall be returnable no later than **July 8, 2016**);

6. Should Defendant elect to depose any of the Five New Witnesses, Plaintiff shall pay the costs of up to three of those depositions. "Costs" in this context means subpoena fees and/or service-of-process fees, if any, and the normal costs charged by a court reporting firm, including costs associated with videotaping these depositions, if there be any. "Costs" for purposes of this Order does not include Defendant's attorneys' fees, travel expenses, exhibit copying expenses, or similar charges;

7. On or before **July 22, 2016,** APS may file a supplemental reply of up to 15 pages (exclusive of signature block and certificate of service) in support of its summary judgment motion;

8. All other pretrial deadlines, such as deadlines related to the final pretrial conference, remain in place; and

9. Should Defendant elect, despite the foregoing, not to seek discovery from or regarding any of the Five New Witnesses, Defendant shall file a notice to that effect no later than **May 31, 2016,** at which point discovery shall once again be deemed closed and Defendant shall not receive the opportunity in paragraph 7, above, to file a supplemental reply in support of summary judgment. If Defendant files no such notice but nonetheless seeks no discovery, Defendant shall likewise not receive the opportunity in paragraph 7, above, to file a supplemental reply in support of summary judgment.

---

4. *See, e.g., Blankson–Arkoful v. Sunrise Sr. Living Servs., Inc.,* 449 Fed.Appx. 263, 265 (4th Cir. 2011) (motion to reconsider provides opportunity to be heard); *United States v. Elsass,* 2012 WL 4482982, at *10 (S.D. Ohio Sept. 26, 2012) (same).