**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-2114**

COLLISION TOWING AND AUTO BODY, LLC; CORNELIUS WOODS,

Plaintiffs – Appellants,

v.

PRINCE GEORGE'S COUNTY, MD,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Ajmel Ahsen Quereshi, Magistrate Judge.  (8:24-cv-00603-AAQ)

ARGUED:  May 5, 2026                                Decided:  May 19, 2026

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**   Jordan David Howlette, JUSTLY PRUDENT, Washington, D.C., for Appellants.  Andrew Jensen Murray, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellee.  **ON BRIEF:**  Anthony D. Jones, County Attorney, Stephen J. Williams, Principal Deputy County Attorney, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the District of Maryland, plaintiffs Collision Towing and Auto Body, LLC, and Cornelius Woods (collectively "plaintiffs"), challenge an adverse August 2025 award of summary judgment to the defendant, Prince George's County, Maryland (the "County"). *See Collision Towing and Auto Body, LLC v. Prince George's Cnty., Md.*, No. 8:24-cv-00603 (D. Md.  Aug. 19, 2025), ECF No. 35 (the "Summary Judgment Ruling").[1] Specifically, the plaintiffs contend that the Summary Judgment Ruling erred in entering summary judgment in favor of the County on the plaintiffs' Fifth Amendment regulatory takings claim, pursued under 42 U.S.C. § 1983 (the "Fifth Amendment regulatory takings claim").[2] By that constitutional takings claim, the plaintiffs allege that the County — in exercising its police powers to abate a public nuisance on a parcel of real property located in the County and then owned by the plaintiffs — contravened their Fifth Amendment right to just compensation for deprivation of property.

---

[1] In April 2024 — and otherwise in accordance with 28 U.S.C. § 636(c) — all parties to these civil proceedings "voluntarily consented to have [a magistrate judge] conduct all further proceedings in this case." *See Collision Towing and Auto Body, LLC v. Prince George's Cnty., Md.*, No. 8:24-cv-00603 (D. Md.  Apr. 30, 2025), ECF No. 18.

[2] We observe that, in the underlying proceedings, the plaintiffs alleged three additional claims.  That is, (1) the County treated plaintiff Woods differently from similarly situated individuals, in violation of the Fourteenth Amendment's Equal Protection Clause; (2) the County violated the Maryland Declaration of Rights and the Maryland Constitution; and, alternatively, (3) the County violated Woods' Fourteenth Amendment substantive due process rights.  Those three claims were also resolved against the plaintiffs by the Summary Judgment Ruling.  On appeal, the plaintiffs — as their opening brief recites — "focus[] solely on the Fifth Amendment regulatory takings claim." *See* Br. of Appellants 1.  Our analysis is thereby limited to that claim.

2

We review an award of summary judgment de novo.  *See, e.g., T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 818 (4th Cir. 2022); *Robinson v. Clipse*, 602 F.3d 605, 607 (4th Cir. 2010).  Summary judgment is appropriate when — viewing the facts in the light most favorable to the nonmoving party — the movant shows that "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *See FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

In these circumstances, having carefully assessed the record on appeal — as well as the various appellate submissions of the parties, along with the able argument presented by the lawyers in Richmond — we discern no reversible error.  Rather, for the reasons well-articulated in the district court's thorough Summary Judgment Ruling, we are of opinion that the court cogently analyzed the parties' contentions and correctly awarded summary judgment to the County on the plaintiffs' Fifth Amendment regulatory takings claim.

Pursuant to the foregoing, we are satisfied to affirm the challenged judgment of the district court.

*AFFIRMED*